UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH A. HELMY,<br><br>Plaintiff,<br><br>v.<br><br>UNITUS COMMUNITY CREDIT UNION, an Oregon state-chartered credit union, and FARLEIGH WADA WITT PC, an Oregon professional corporation,<br><br>Defendants. | CASE NO. 2:26-cv-04334-JNW<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff Joseph A. Helmy's motion for a temporary restraining order ("TRO") and preliminary injunction. Dkt. No. 3. Helmy brings numerous claims related to his auto loan from Defendant Unitus Community Credit Union Dkt. No. 1. He asks the Court enjoin Unitus from repossessing his car. Because Helmy has not shown he is likely to suffer irreparable harm absent preliminary injunctive relief, the Court DENIES the motion. Dkt. No. 3.

A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), *overruled on other grounds*, *Winter*, 555 U.S. at 7 (finding analysis for TRO and preliminary injunction are "substantially identical"). To receive such preliminary injunctive relief, the moving party "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

Monetary injury normally isn't enough to satisfy the second element because damages can usually be repaired with money. *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980). But "the threat of being driven out of business is sufficient to establish irreparable harm." *Novedades Y Servicios, Inc. v. Financial Crimes Enf't Network*, 181 F.4th 961, 977 (9th Cir. 2026). "Additionally, 'intangible injuries, such as damage to ongoing recruitment efforts and goodwill qualify as irreparable harm' independent of a threat of being put out of business because they are often not quantifiable and cannot be fully remedied with a financial award." *Id.* (quoting *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991)); *see also Stuhlbarg*, 240 F.3d at 841 ("Evidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm.").

Citing *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991), and *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014), Helmy argues that losing his car would "impair his work in ways money cannot repair." Dkt. No. 3 at 9. He explains that he runs a software startup that serves waste-hauling businesses, and that he regularly visits those businesses at their yards and offices across Washington and Oregon. *Id.* at 9–10. He claims he will be unable to meet with these businesses without his car because: (1) he does not have another car; (2) public transit does not reach many of his clients and potential clients; (3) he has a hip condition that makes it difficult for him to take public transit to these meetings; and (4) using rideshares and car services to attend these meetings would be prohibitively expensive. *Id.*

On this record, the Court finds that Helmy has not met his burden of establishing that he will suffer irreparable harm absent a TRO. While "[a] plaintiff need not present trial-ready proof of impending insolvency or loss of customers to show irreparable harm," *Novedades Y Servicios, Inc.*, 181 F.4th at 977–98, the evidence Helmy presents is too vague to meet his burden. He does not claim that losing this car will put him out of business, and he says little about the business's current financial situation. Likewise, he does not specify which business relationships or opportunities he will likely lose if he loses his car. In short, while he claims his business will be harmed in a way that money cannot repair, he has not provided "[e]vidence of threatened loss of prospective customers or goodwill" to meet his burden. *Stuhlbarg*, 240 F.3d at 841.

*Arizona Dream Act* does not change this result. The plaintiffs there could not lawfully drive at all, and they produced "ample evidence" that this bar had already cost them professional opportunities. 757 F.3d at 1068. Helmy, by contrast, remains licensed to drive, and his evidence of lost business is general and forward-looking. He has not shown that he will be unable to develop business relationships or hold meetings without his car. Nor does he explain why, if he must travel, he couldn't temporarily borrow a car from a friend or family member or rent a car. He also fails to explain why he couldn't hold meetings over the phone or by videoconference until he finds an alternative method of transportation that works for him.

As Helmy has not met his burden of establishing irreparable harm absent a TRO, the Court DENIES the motion in full. Dkt. No. 3.

Dated this 13th day of November, 2026.

Jamal N. Whitehead
United States District Judge